IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:      4:18cr34/MW/MAF
                                                 4:20cv290/MW/MAF

MICHAEL TYRONE HERRING,
        Defendant.

_____

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Defendant Michael Tyrone Herring's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.   (ECF No. 67.)   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).   Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, the undersigned recommends that the motion be dismissed without a hearing as it is untimely and without merit.

## I.    PROCEDURAL HISTORY AND ANALYSIS

On June 5, 2018, Herring was charged in a two-count indictment with theft of Government funds and aggravated identity theft.   (ECF No. 1.) The charges stemmed from his unauthorized redirection of service-related disability benefits belonging to his former girlfriend, a Navy Veteran, to prepaid debit cards.   (ECF No. 57, PSR ¶¶ 11-22.)

After his arrest Herring was released pending trial.   He twice violated the conditions of his pre-trial release by using marijuana and applying for a passport, and he was ordered detained on October 3, 2018.   (ECF Nos. 21, 31.)

On October 18, 2018, he pleaded guilty pursuant to a written plea agreement, statement of facts and sealed supplement.   (ECF Nos. 42-44.) The Presentence Investigation Report ("PSR") (ECF No. 57) calculated Herring's total offense level as to Count One to be 12.   His criminal history category was III, primarily due to convictions for possession of minor amounts of marijuana and DUI, but he also had a previous conviction for fraud/forgery.   The advisory guidelines imprisonment range on Count One was 15 to 21 months.   By statute, the mandatory two-year penalty for

Count Two was required to run consecutively to any other sentence imposed.   18 U.S.C. § 1028A(b).

Although he was initially represented by retained counsel, the court appointed the Public Defender, at Herring's request, before sentencing. (ECF Nos. 48, 53.)

The Court sentenced Herring to a term of 12 months and one day on Count One followed by the statutorily required 24 month consecutive term on Count Two.   Judgment was entered on January 27, 2019 (ECF No. 60), and Herring did not appeal.

On May 5, 2020,[1]  Herring filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Case 4:20cv249/TKW/HTC), which remains pending.   In that petition, he claims the Bureau of Prisons failed to properly apply sentencing credits to which he was entitled under the First Step Act.

On May 6, 2020, Herring filed a motion for compassionate release based on the Covid-19 pandemic citing a family history of diabetes and the fact that he was the only surviving parent for his minor son, whose mother committed suicide.   (ECF No. 62.)   The court denied the motion on May

---

[1] The filing dates cited herein are the dates the pleadings were signed, pursuant to the prison mailbox rule.   *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

Case Nos.: 4:18cr34/MW/MAF; 4:20cv290/MW/MAF

21, 2020, noting that even assuming the 37-year old Herring had met the 30-day exhaustion requirement and had a qualifying medical condition, the court nonetheless would not reduce his sentence after having considered the § 3553(a) factors.   (ECF No. 66.)

The instant § 2255 motion, dated May 22, 2020, crossed in the mail with the court's order denying Herring's motion for compassionate release. In his most recent motion, Herring purports to raise two grounds for relief. However, even if the court accepts his motion as timely filed, neither claim entitles him to relief.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Case Nos.: 4:18cr34/MW/MAF; 4:20cv290/MW/MAF

28 U.S.C. § 2255(f).    Herring addressed the issue of timeliness on the

§ 2255 form.    He claims he is not barred by the statute of limitations

because of the emergency situation created by the COVID19 pandemic

and that he is "basically requesting" that his judgment be amended so his

sentences run concurrently.    (ECF No. 67 at 11.)    Judgment was entered

in Herring's case on January 27, 2019.    Because he did not appeal, the

judgment of conviction became final when the time for doing so expired on

February 12, 2019, fourteen days later.    Therefore, a timely filed motion

pursuant to § 2255(f)(1) must have been filed within one year from that

date.    The "emergency situation" to which Herring attributes his untimely

filing, the COVID19 pandemic, did not develop until after the expiration of

the one-year time limit for filing his motion.    Therefore, the motion is

untimely.    Even assuming for sake of argument that the motion is timely,

Herring's claims do not entitle him to relief.

Herring's first claim for relief is that he should be released to protect

the health and safety of staff and inmates during the COVID-19 pandemic.

(ECF No. 67 at 4.)    In support of ground one he notes he has served over

50% of his sentence without any disciplinary infractions, he has a

demonstrated and verifiable re-entry plan, and he has no history of

Case Nos.: 4:18cr34/MW/MAF; 4:20cv290/MW/MAF

violence.   These facts do not demonstrate his entitlement to § 2255 relief.

A prisoner is entitled to relief under § 2255 if the court imposed a sentence

that (1) violated the Constitution or laws of the United States, (2) exceeded

its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is

otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v.*

*United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   Herring's first

claim is not cognizable under § 2255.

   Herring's second claim is that pursuant to the First Step Act,[2] his

sentences should be served concurrently rather than consecutively.   This

is substantively different than his previous request for compassionate

release in this case.   However, this claim also fails.   Herring was not

convicted of a covered offense (i.e. trafficking of crack cocaine) that would

qualify for a reduction of sentence under the First Step Act.   *See Stone v.*

*United States*, Cases 1:17-CR-417-MHC-JSA, 1:19-cv-3784-MHC-JSA;

2020 WL 504669 (N.D. Ga. Jan. 31, 2020) (FSA did not apply to defendant

convicted of conspiracy to commit wire fraud and one count of aggravated

identity theft) (appeal filed); *United States v. Lopez*, Case 16-r-60107-

---

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act").

Case Nos.: 4:18cr34/MW/MAF; 4:20cv290/MW/MAF

BLOOM, 2019 WL 2524389, *2 (S. D. Fla. June 19, 2019) (Section 404 of the First Step Act allows courts to retroactively apply certain portions of the Fair Sentencing Act for offenses involving cocaine base, thus did not apply to defendant convicted of access device fraud and aggravated identity theft).

Finally, although it is not clear Herring invokes the Amendment for Alternatives to Incarceration for Nonviolent First Offenders (U.S.S.G. § 5C1.1, n.4), the court notes that it also would not afford Herring any relief. This commentary applies to defendants who are nonviolent first offenders with an applicable guideline range in Zone A or B of the Sentencing Table. Herring's guideline range, with a total offense level of 12 and a criminal history category of III, fell into Zone D.   *See Lopez*, *supra.*

## II.   CONCLUSION

An evidentiary hearing is not necessary to resolve Herring's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin v. United States,* 786 F.3d 873, 877 (11th Cir. 2015).   Based on the foregoing, the court finds that Herring's motion should be denied as it is both untimely and without merit.

Case Nos.: 4:18cr34/MW/MAF; 4:20cv290/MW/MAF

### III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The Motion to Vacate, Set Aside, or Correct Sentence under 28

U.S.C. § 2255 (ECF No. 67) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 11th day of June, 2020.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 4:18cr34/MW/MAF; 4:20cv290/MW/MAF